1
2
3
4
5
6
7
8



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

Warner Bros. Home Entertainment Inc.,    )    Case No. CV13-4056 FMO (Ex)
12                                                        )
                                          Plaintiff,      )
13          v.                                            )    [PROPOSED] PROTECTIVE
                                                          )    ORDER RE CONFIDENTIAL
14   Woody Hunt a/k/a Tyler Hunt, an                       )    INFORMATION
     individual and d/b/a Amazon.com Seller               )
15   woodys-books; Gretchen Hunt, an                       )
     individual and d/b/a Amazon.com Seller               )
16   woodys-books; and Does 1-10, inclusive,              )
                                                          )
17                                      Defendants.        )

18

19   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20        BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD

21   CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject

22   to this Order -- including without limitation the parties to this action, their

23

24   representatives, agents, experts and consultants, all third parties providing discovery

25   in this action, and all other interested persons with actual or constructive notice of

26

27   this Order -- shall adhere to the following terms:

28

Warner Bros. v. Hunt: [Proposed] Protective Order          - 1 -

1.    <u>Proceedings and Information Governed</u>. This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the discovery and pre-trial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, documents or things produced in connection with the lawsuit, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof (collectively "Information"). The Order does not govern proceedings during trial nor does it prohibit either party from seeking a Protective Order to govern proceedings during trial.

2.    <u>Designation of Information for Protection</u>. Any such Information produced in this action that is reasonably believed by the producing party to be non-public, proprietary, and/or confidential may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The appropriate designation may be made by stamping or otherwise marking the Information prior to production as follows: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the producing party makes the Information available for inspection or provides a copy of the Information to the receiving party. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give notice thereof at the deposition or within fifteen (15) days after

receipt of the deposition transcript. Deposition testimony shall be treated as

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" until expiration of the fifteen

(15) day notice period. In the event such notice is given, the appropriate provisions

of paragraphs 12 and 13 below shall apply.

In the event that Information is provided under this Order, whether in written,

oral or other form, without any designation of confidentiality, such Information may

be designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

ONLY" at a later time, and shall be treated as "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" by all parties hereto as though

such Information had been designated "CONFIDENTIAL" or "CONFIDENTIAL -

ATTORNEYS' EYES ONLY" when originally provided, except to the extent that

such Information has already been disclosed to persons not subject to this Order. In

the event that the Information referred to immediately above is disclosed to persons

not subject to this Order, the party that made such disclosure shall identify such

recipients to the other party in this action, unless such disclosure is subject to the

attorney work product privilege.

3.    Disclosure of Confidential Information. As a general guideline,

Information marked "CONFIDENTIAL," as distinguished from "CONFIDENTIAL

- ATTORNEYS' EYES ONLY" shall include Information that may be disclosed by

the parties for the purposes of the litigation, but that must be protected against

disclosure to third parties. Once designated as "CONFIDENTIAL," such designated

Information shall, absent a specific order by this Court, be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Information shall not be disclosed to anyone except as provided herein. Information marked "CONFIDENTIAL," as distinguished from "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed by the receiving party to the following recipients only:

a. The outside litigation attorneys of record in this action, and any outside attorneys retained by the parties in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

b. Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them;

c. The officers, directors and employees of a party;

d. The Court and its respective clerks and support personnel;

e. Court reporters employed in connection with this action;

f. The persons permitted under paragraph 11 below; and

g. Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained

Warner Bros. v. Hunt: [Proposed] Protective Order -4-

on noticed motion (or on shortened time as the Court may allow), permitting such

disclosure.

4.    Confidential - Attorneys' Eyes Only Information. As a further general

guideline, Information designated as "CONFIDENTIAL - ATTORNEYS' EYES

ONLY" shall be Information of a proprietary business or technical nature that might

be of value to a competitor or potential customer of the party or non-party holding

the proprietary rights thereto, and that must be protected from disclosure. Once

designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" such designated

Information shall, absent a specific order by this Court, be used by the parties solely

in connection with this litigation, and not for any business or governmental purpose

or function, and such Information shall not be disclosed to anyone except as

provided herein. All Information designated "CONFIDENTIAL - ATTORNEYS'

EYES ONLY" is included within the meaning of "CONFIDENTIAL" Information

as used in this Order, and all the provisions set forth in the Order that apply to

"CONFIDENTIAL" Information also apply to material designated

"CONFIDENTIAL - ATTORNEYS' EYES ONLY." However, Information

designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be

disclosed to persons referred to in subparagraph 3(c) of this Order, except as

provided in paragraph 11 (*i.e.*, the authors or addressees of the document). In-house

counsel and staff are specifically excluded from access to Information designated

"CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5. <u>Reference to Information</u>. Notwithstanding any provision in this Order, or the Stipulation on which it issued, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information in the course of advising a party client with respect to this lawsuit, provided, however, that counsel shall not disclose the specific substance or content of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information if such disclosure would violate this Order.

6. <u>Declarations</u>. Each person referred to in paragraph 3 hereof, except persons falling under paragraph 3(a), 3(d), 3(e) and clerical and stenographic personnel falling within paragraph 3(b) above, to whom Information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit "A", agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside litigation counsel for the party making such disclosure. Persons falling under paragraph 3(a) shall read a copy of this Order and sign and date it to signify they have read, understood and agreed to be bound by its terms and provisions.

7. <u>Use</u>. "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall be used by the persons to whom it is disclosed solely in preparation for trial and trial of this lawsuit, settlement negotiations related

thereto, and any appellate proceeding related to the lawsuit. "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court. No person who receives "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall disclose it to any person not entitled under this Order to receive it.

       8.    <u>Court Procedures.</u>

          a.    Subject to and in accordance with the provisions of Central District Local Rule 79-5, pleadings that contain or annex Information designated under this Order as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall be lodged under seal and be accompanied by an application to file those pleadings or papers under seal, together with a proposed order. Such pleadings or papers shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word(s) "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and a statement substantially in the following form:

       "This envelope is sealed pursuant to Order of the Court, contains

       CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

2

3

Information and is not to be opened nor the contents revealed except by
Order of the Court."

4

5

6

7

       b.     Any Court hearing that refers to or describes "CONFIDENTIAL"
or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall in the
Court's discretion be held in camera;

8

9

10

11

12

13

       c.     The filing of a document under seal pursuant to this paragraph 8
does not restrict in any way a party's right to use or disseminate any part of the
document that does not contain, annex or expressly refer to Information designated
"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under
this Order.

14

15

16

17

18

19

20

       9.    Party's Own Information. The restrictions on the use of
"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"
Information established by this Protective Order are applicable only to the use by a
party of Information received from the other party. A party is free to do whatever it
desires with its own Information.

21

22

23

24

       10.   Removal. A party may seek to downgrade or remove a confidentiality
designation applied under this Order. In such event, the following procedure shall be
utilized:

25

26

27

       a.     The party or person seeking such downgrade or removal shall
give counsel of record for the other party written notice thereof, supported by

28

1   reasons therefore specifying the Information as to which such downgrade or removal
2
3   is sought;

4          b.    If the parties cannot reach agreement concerning the matter
5   within ten (10) days after delivery (or in the case of mailing, thirteen (13) days
6
7   thereafter) of the notice, or such shorter time as the Court may allow, then the party
8   seeking the downgrade or removal may file and serve a motion for an order of this
9   Court for appropriate relief. Any such motion shall be set for the earliest possible
10
11  date on the Court's law and motion calendar, and shall not be continued without the
12  consent of all parties or order of the Court. In any such motion, the party seeking to
13  protect the Information bears the burden to establish the appropriateness of the
14
15  protection or degree of protection sought.

16         11.   Disclosure to Author or Addressee. Nothing herein shall prohibit a
17  party, or its counsel, from disclosing Information that has been designated as
18
19  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"
20  Information to persons who are authors or addressees of such Information.

21         12.   Depositions. Any deposition reporter who takes down or receives at a
22
23  deposition information that is "CONFIDENTIAL" or "CONFIDENTIAL -
24  ATTORNEYS' EYES ONLY" shall be given a copy of this Order. In addition, all
25  deposition testimony and exhibits designated either as "CONFIDENTIAL" or
26
27  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be bound in a separate
28  transcript, and clearly marked on each page either "CONFIDENTIAL" or

Warner Bros. v. Hunt: [Proposed] Protective Order            - 9 -

"CONFIDENTIAL - ATTORNEYS' EYES ONLY." If counsel, pursuant to the provisions of Paragraph 2 above, designates any deposition testimony "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the fifteen (15) day period after receiving the deposition transcript, counsel shall specifically identify in writing those portions that are to be "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall send such writing to counsel for all parties involved in the action. Counsel for each party shall then be responsible for marking, as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the appropriate pages of the deposition transcript so identified.

13.    Exclusion from Deposition. Whenever any Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

14.    Subpoenas. In the event any person or party having possession, custody or control of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information receives a subpoena or other process or order to produce such Information, the recipient of the subpoena shall advise the attorney for the party issuing the subpoena that the Information being requested has been designated

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"

pursuant to a court order. The attorney for the party receiving the subpoena shall

promptly notify in writing the attorneys of record of the party claiming such

confidential treatment of the Information sought by such subpoena or other process

or order and shall promptly furnish those attorneys of record with a copy of said

subpoena or other process or order. The attorney for the party claiming confidential

treatment shall have five (5) business days from the date of receipt of a copy of said

subpoena (or other process or order) to file a motion to quash or modify the

subpoena, process or order. If production of "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information pursuant to the

subpoena, process or order is required prior to the expiration of this 5 day period, the

attorney for the party receiving the subpoena shall object in writing to the production

by stating that the Information sought has been designated "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to a court order. The

attorney for the party receiving the subpoena shall be under no obligation to file any

motion to quash or modify the subpoena or take any action other than to object in

writing to the production pending a court order compelling production of the

subpoenaed materials. If a motion to quash or modify the subpoena, process or order

is made by the party claiming confidential treatment, there shall be no disclosure of

the subject matter objected to, except sufficient to identify it for purposes of the

motion to quash, until the court in which the motion is brought has ruled on the

Warner Bros. v. Hunt: [Proposed] Protective Order          - 11 -

motion, and then only in accordance with the ruling so made. If the party claiming

confidential treatment does not file a motion to quash or modify the subpoena within

the 5-day period provided herein, the person or party receiving the subpoena or other

process or order shall be entitled to comply with it provided it has fulfilled its

obligations hereunder.

15.    No Waiver. Neither the taking of nor the failure to take any action to

enforce the provisions of this Order, nor the failure to object to any designation or

any such action or omission, shall constitute a waiver of any right to seek and obtain

protection or relief, other than as specified herein, of any claim or defense in this

action or any other action including, but not limited to, the claim or defense that any

Information is or is not proprietary to any party, is or is not entitled to particular

protection, or that such Information embodies trade secrets or other confidential

material of any party. The procedures set forth herein shall not affect the rights of the

parties to object to discovery on grounds other than those related to trade secrets or

other proprietary information claims, nor shall it relieve a party of the necessity of

proper response to discovery devices.

16.    No Probative Value. Neither this Order, nor the Stipulation on which it

issued, shall abrogate or diminish any contractual, statutory or other legal obligation

or right of any party to this Order, as to any third party, with respect to any

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Information. The fact that Information is designated "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that Information has been designated confidential under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any Information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such Information is confidential or proprietary.

17.   Court's Jurisdiction. The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

18.     Effective Date. Upon the signing of this Order by the United States

District Court Judge, or Magistrate Judge, this Order shall be effective as against all

party signators to the Stipulation on which this Order issues, as of the date of such

signature of that party or party's representative, thereby rendering this Order

effective *nunc pro tunc* to the date of such party's signature.

19.     Amendment. Either party may move the Court to amend this Order at

any time. Moreover, parties entering into the Stipulation on which this Order issued

will not be deemed to have waived any of their rights to seek later amendment to this

Order.

IT IS SO ORDERED.

DATED: ___7/12/13_____     _____

Honorable Charles F. Eick
United States Magistrate Judge

Respectfully submitted on
July 11, 2013 by:

J. Andrew Coombs, A Professional Corp.


By: __s/Annie S. Wang/_____
        J. Andrew Coombs
        Annie S. Wang
        Attorneys for Plaintiff Warner Bros. Home
Entertainment Inc.


Kelly & Kelley, LLP


By: __s/Michael A. DiNardo/_____
        Michael A. DiNardo
        Attorney for Defendants Woody Hunt a/k/a Tyler
Hunt, an individual and d/b/a Amazon.com Seller woodys-
books and Gretchen Hunt, an individual and d/b/a
Amazon.com Seller woodys-books

**EXHIBIT "A"**

<u>NON-DISCLOSURE AGREEMENT</u>

I understand that access to information designated as "CONFIDENTIAL," or

"CONFIDENTIAL-ATTORNEYS' EYES ONLY" is provided to me under the terms and

restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and

agree to be bound by its terms. I will not mention, disclose, or use information designated as

"CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is provided to me

in connection with this action except as permitted by the Protective Order.


Dated: _____


_____
[Signature]

_____
[Print Name]

_____
[Title]

_____
[Company]